UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CHUCK STYRON | : | DOCKET NO. 10-CV-1729 |
| VS. | : | JUDGE TRIMBLE |
| STATE FATM FIRE AND CASUALTY COMPANY | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

On September 14, 2009, plaintiff Chuck Styron filed this suit in the 14th Judicial District Court, Parish of Calcasieu, State of Louisiana. Doc. 1, att. 1. In the complaint, plaintiff alleged that his insurance company, State Farm Fire and Casualty Company (State Farm), was liable for damages caused to his home as a result of the winds of Hurricane Ike on September 13, 2008, pursuant to LA. REV. STAT. §§ 22:1220 and 22:658. *Id.* Plaintiff sought as relief "expenses incurred as a result of [State Farm's] breach of duty, including attorney's fees, inconveniences, statutory penalties, special damages, and any other damages allowed in the Louisiana Law that may be proven at trial of this matter." *Id.*

On November 16, 2010, State Farm filed a notice of removal with this court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Doc. 1. State Farm alleged that the suit was properly removed because "(1) State Farm has satisfied the procedural requirements for removal, and (2) this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332." *Id.*

On November 22, 2010, plaintiff filed a motion for remand with this court, alleging that State Farm's removal was untimely pursuant to 28 U.S.C. § 1446(b). Doc. 2. This motion is

now before the court.

## 1. Law and Issues

Article 28 U.S.C. § 1441 provides that,

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).  Federal subject matter jurisdiction is limited to cases that either "aris[e] under the Constitution, laws or treaties of the United States" or involve matters where the amount in controversy exceeds $75,000, exclusive of costs and interest, and diversity of citizenship exists.  28 U.S.C. §§ 1331, 1332.  "The defendant may prove [the jurisdictional] amount either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount."  *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (other citations omitted)).  If diversity of citizenship exists, "once a defendant is able to show that the amount in controversy exceeds the jurisdictional amount, removal is proper, provided plaintiff has not shown that it is legally certain that [its] recovery will not exceed the amount stated in the state [petition]."  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

If it is not evident from the initial pleading that an action is immediately removable, but removability later becomes apparent, the second paragraph of 28 U.S.C. § 1441(b) provides,

> a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of [diversity of citizenship] more than 1 year after commencement of the action.

*Id.*; *see also McCabe v. Ford Motor Co.*, No. 10-98, 2010 WL 2545513, at *5 (E.D. Tex. June

21, 2010) ("While the first paragraph of § 1446(b) applies to cases that are removable based on the initial pleadings, paragraph two applies to cases that are not removable at the time of filing but become removable at a later date."). Thus, if diversity exists and the plaintiff's petition makes no mention of the specific monetary damages sought, the 30-day period for removal begins to run when a defendant receives an "other paper" revealing that damages in excess of the requisite amount for diversity jurisdiction are being sought. *Rios v. Lear Corp. EEDS and Interiors*, No. 06-0146, 2006 WL 1544587, *3 (W.D. Tex. May 31, 2006) (citing *Freeman v. Witco Corp.*, 984 F. Supp 443 (E.D. La. 1997)).

Because federal courts are courts of limited jurisdiction, absent jurisdiction granted by statute, federal courts lack the power to adjudicate most claims. *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). The party seeking to invoke the jurisdiction of a federal court carries the burden of establishing the existence of federal jurisdiction. *Id.* at 151. Any doubt as to a district court's jurisdiction will be resolved in favor of remand. *Bosky v. Kroger Tex., L.P.,* 288 F.3d 208, 211 (5th Cir. 2002).

Here, the type of jurisdiction at issue is diversity jurisdiction. As plaintiff is a resident of Calcasieu Parish, State of Louisiana, and State Farm a is a corporation organized under the laws of the State of Illinois with its principle place of business in Bloomington, Illinois, no plaintiff is a citizen of the same state as any of the defendants. *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373 (1978); *see also Joiner v. Diamond M Drilling Co.*, 677 F.2d 1035, 1039 (5th Cir. 1982) ("For the purposes of diversity jurisdiction, a corporation is deemed to be a citizen of both the state in which it is incorporated and of the state where its principal place of business is located."); *Nixon v. Allstate Ins. Co.*, 818 F.Supp. 215, 216 (S.D. Ohio 1992) ("State Farm is a

legal reserve mutual company organized under the laws of the State of Illinois with its principle place of business in Bloomington, Illinois."). Thus, the propriety of this court's jurisdiction rests upon the amount in controversy, which is where a dispute between the parties arises.

Both parties agree that at this point the facts have revealed the amount in controversy to be at least $80,000. *See* Doc. 5, att. 6. The issue is whether State Farm removed within the allotted time under the provisions of § 1446(b).

### 2. Thirty-Day Provision

The Fifth Circuit has ruled that a § 1446(b) inquiry involves a two step test. *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161 (5th Cir. 1992). First, "if the case stated by the initial pleading is removable, then notice of removal must be filed within thirty days from the receipt of the initial pleading by the defendant." *Gullage v. KMart Corp.*, No. 96-0689, 1996 WL 255919, *1 (E.D. La. May 13, 1996). Second, if the court determines that "the case stated by the initial pleading is not removable, then notice of removal must be filed within thirty days from the receipt of an amended pleading, motion, order, or other paper from which the defendant can ascertain that the case is removable." *Id.*

Plaintiff argues that State Farm had knowledge that the suit had become removable from the face of the petition, as the amount of damage alleged would "clearly" be in excess of $75,000. Doc. 2, att. 1. Thus, according to plaintiff, the thirty-day provision of § 1446(b) was triggered as soon as State Farm received the initial pleading.

Contrary to plaintiff's argument, "[t]he Fifth Circuit Court of Appeals in *Chapman* adopted a bright line rule requiring a plaintiff wishing the thirty-day time period to run from a defendant's receipt of the initial pleading, to place in the initial pleading a specific allegation that damages exceed the federal jurisdictional amount." *Corley v. Southwestern Bell Telephone Co.*,

924 F.Supp. 782, 785 (E.D. Tex. 1996) (citing *Chapman v. Powermatic, Inc*., 969 F.2d 160 (5th Cir. 1992)).  Here, an examination of the initial pleading reflects that it is indeterminate as to removability, and therefore the action was not removable at the time the initial pleading was filed.  Plaintiff's state court petition merely states that plaintiff is entitled to "damages, penalties, cost, attorney's fees and any other appropriate relief . . . ."  Doc. 1, att. 1.  Thus, pursuant to the rule announced in *Chapman*, 969 F.2d 160, plaintiff's argument must fail.

Because State Farm has satisfied the first inquiry, the court next looks to the "amended pleading, motion, order, or other paper from which the defendant can ascertain that the case is removable."  *Gullage*, 1996 WL 255919, at *1.  Here, plaintiff alleges that State Farm must have been aware from discussions between the parties prior to October 25, 2010, that "it would require more than $75,000.00 to resolve the claim."  Doc. 2, att. 1, p. 2.  Specifically, plaintiff argues that an email sent from State Farm's attorney to plaintiff's attorney on October 25, 2010, stating "I thought the $80,000.00 figure you gave was a cut to the chase/bottom line number.  Am I correct on that?," proves that State Farm knew that it would require more than $75,000 to resolve the claim before October 25, 2010.  Doc. 2, att. 1 (citing doc. 2, att. 2).

Plaintiff's argument fails for at least two reasons.  First, State Farm filed its notice of removal on November 16, 2010.  Doc. 1.  Even if the subjective knowledge of State Farm's attorney could have triggered the thirty-day period of removal, plaintiff has pointed to no evidence to show that the attorney had subjective knowledge of the $80,000 settlement offer prior to October 17, 2010 (thirty days before State Farm filed its notice of removal).  The email that plaintiff cites was sent on October 25, 2010, well within thirty days of November 16, 2010.

Second, and more importantly, the subjective knowledge of State Farm's attorney does not constitute an "other paper."  *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th

Cir. 1996) ("[T]he defendant's subjective knowledge cannot convert a case into a removable action."). Although a post-complaint letter detailing settlement terms *may* constitute an "other paper" for purposes of 28 U.S.C. § 1446(b) in circumstances where a solid amount is demanded by the plaintiff, *see Addo v. Globe Life and Accident Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000), a letter requesting that a plaintiff confirm or make a settlement offer has never been found sufficient. In fact, courts in this Circuit have explicitly held that, without more, letters between council do not provide the basis for removing an action from state court. *Hiles v. Wal-Mart Stores East, LP*, 618 F.Supp.2d 565 (S.D. Miss. 2009); *Woodward v. Employers Cas. Co.*, 785 F.Supp. 90, 91 (S.D. Tex. 1992).

On the other hand, courts in this Circuit have found that an affirmative response to a request for admission stating that plaintiff is seeking damages in excess of $75,000 does trigger the removal period. *See Leboeuf v. Texaco*, 9 F.Supp.2d 661, 664-65 (E.D. La. 1998) (citing cases); *Freeman v. Witco Corp.*, 984 F.Supp. 443, 450 (E.D. La. 1997). In fact, this manner of triggering the removal period is the "preferred approach." *McLain v. American Intern. Recovery, Inc.*, 1 F.Supp.2d 628, 631 (S.D. Miss. 1998). Here, State Farm utilized the "preferred approach" by forwarding a request for admission to plaintiff on August 11, 2010, explicitly seeking to determine the amount in controversy. Doc. 5, att. 5, p. 5. This request went unanswered by plaintiff. On September 15, 2010, one year and a day after the initial petition was filed, plaintiff telephoned State Farm to discuss a settlement amount in excess of $75,000. Doc. 5, p. 5. On October 25, 2010, State Farm received an answer from plaintiff as to its request for admission, whereby plaintiff finally admitted that the amount in controversy satisfied the jurisdictional amount. *See* Doc. 5, att. 6, p. 2.

For these reasons, we find that the receipt of plaintiff's answer on October 25, 2010,

constituted the "other paper" that triggered the thirty-day removal period. Because this letter was received on October 25, 2010, and State Farm filed their notice of removal on November 16, 2010, State Farm was well within the thirty-day removal period mandated by § 1446(b).

### 3. One-Year Provision

Plaintiff argues that "[t]he one year time limit of 28 U.S.C. § 1446(b) precludes removal." Doc. 2, att. 1. Under the usual circumstances plaintiff would be correct. Section 1446(b) states that "a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." State Farm filed its notice of removal on November 16, 2010, more than one year after the commencement of this action in state court on September 14, 2009.

Nevertheless, State Farm argues that the suit was properly removed pursuant to the equitable tolling doctrine recognized by the Fifth Circuit in *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 426-27 (5th Cir. 2003). Under *Tedford*, the conduct of the plaintiff affects whether it is equitable strictly to apply the one-year limit. *Id.* "To determine whether tolling applies, courts first scrutinize a case for . . . 'clear instances of forum manipulation.'" *Monk v. Werhane Enterprises, Ltd.*, No. 06-4230, 2006 WL 3918395, *4 (E.D. La. Nov. 27, 2006) (quoting *In re Vioxx Products Liability Litigation*, No. MDL-1657, 2005 WL 3542885, *4 (E.D. La. Nov. 23, 2005)). "Where a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity may require that the one-year limit in § 1446(b) be extended." *Brown v. Descheeny*, No. 09-0021, 2010 WL 1141156, *2 (S.D. Miss. Mar. 22, 2010) (citing *Tedford*, 327 F.3d at 428-29); *see also Hill v. Delta Intern. Machinery Corp.*, 386 F.Supp.2d 427, 431 (S.D.N.Y. 2005) ("The reasoning behind the extension – to prevent tactical behavior on the part of plaintiffs – accords with the

general goal of preventing forum shopping that has been recognized repeatedly by the Supreme Court."). Courts next consider the defendant's vigilance in seeking removal. *Monk*, 2006 WL 3918395, at *5. A defendant's vigilance weighs in favor of tolling.[1] *Tedford*, 327 F.3d at 428. Finally, district courts are instructed to look to "the quantum of litigation already accomplished in state court." *Monk*, 2006 WL 3918395, at *5. Remand is favored where "substantial progress" has been made in state court. *In re Vioxx*, 2005 WL 3542885, at *5.

### a. Forum Manipulation

Plaintiff argues that "the equitable exception to the one (1) year limit for removal simply does not apply [because] plaintiff never attempted to hide the amount in controversy or to manipulate the pleadings to avoid Federal jurisdiction." Doc. 6, p. 2 (emphasis in original). Plaintiff contends that difficulties in the respective parties' experts "get[ting] a handle on the extent of the damages to the Styron home" was to blame for the lack of communication between the parties as to the jurisdictional amount. *Id.* According to plaintiff, the reason for the delay in answering State Farm's request for admission was due to State Farm's expert not being to meet to discuss a damage estimate until May 12, 2010. Doc. 6, p. 3-4; *see also id.* at p. 7 ("[P]laintiff was delayed in reaching a conclusion as to the extent of damage, due to State Farm's dilatory actions in failing to coordinate a joint inspection and failing to provide needed information . . . .").

State Farm, on the other hand, asserts that "[t]here was no delay other than the typical delays associated with an active law practice or [an expert's] busy schedule . . . ." Doc. 9, p. 4. State Farm argues that it constantly made efforts to find a mutually amicable date for the experts to meet. At any rate, State Farm argues, "any inadvertent delay by State Farm is irrelevant to

---

[1] The *Tedford* court noted, "the defendants have vigilantly sought [to remove] . . . [e]ach time it became apparent that the right to remove existed, [they] sought to exercise that right." 327 F.3d at 428.

application of the equitable exception to the one year period for removal." *Id.*

We find State Farm's position to be persuasive. From the beginning, the only evidence of damage that was provided to State Farm was an estimate amounting to less than $10,000. Doc. 5, att. 2. On a premonition that the amount actually sought may be more, State Farm sent requests for admission seeking to ascertain the value of plaintiff's claim on August 11, 2010. Doc. 5, att. 4. Pursuant to state law, an answer was due to State Farm on August 26, 2010 – well before the notice of removal was due to be filed pursuant to § 1446(b). LA. CODE CIV. PROC. ANN. art. 1467; *Succession of Rock v. Allstate Life Ins. Co.*, 340 So.2d 1325, 1330 (La. 1977). In blatant disregard to state law, plaintiff did not answer State Farm's request until October 22, 2010. Doc. 5, att. 6. Conveniently, this was just after the one year time period for removal had come due. Plaintiff's unexplained actions and delay establish that the actual motive was not to "get a handle on damages," but rather to hide the damage amount sought and thereby keep the case in state court.

The facts in this case are similar to that of *Richard v. Freds Stores of Tennessee, Inc.*, No. 10-0758, 2010 WL 3949397 (W.D. La. Sept. 16, 2010), where Magistrate Judge Kirk found *Tedford* tolling to be proper. *Richard* involved a slip in fall suit filed in state court in January of 2009. *Id.* at 1. Early on in the state court litigation the plaintiff submitted that he would not be seeking damages in excess of $50,000. *Id.* Nine months later, plaintiff sent a letter to the defendant, advising that plaintiff's treating physician had recommended spinal surgery. *Id.* Shortly thereafter, the defendant sent a letter to the plaintiff, questioning whether the impending surgery was related to the slip in fall in their store, thereby altering the original estimate of costs incurred. *Id.* The inquiry went unanswered. *Id.* In March of 2010, five months after receiving a recommendation for surgery, four months after scheduling surgery, and three months after

undergoing surgery, plaintiff finally filed an amending petition which revealed that the damages sought would be in excess of the original estimate. *Id.* By this time, the one-year time limitation of § 1446(b) had been triggered. The *Richard* court found *Tedford* tolling applicable because, although the plaintiff knew that medical expenses incurred were in excess of the $75,000 jurisdictional amount "well in advance" of the § 1446(b) deadline, plaintiff "sat idly by" for another four to five months before notifying opposing counsel. *Id.* at *2; *see also Citizens Nat. Banc Corp. v. Directory Assistants, Inc.*, No. 07-0081, 2007 WL 4293304, *2 (S.D. Miss. Dec. 4, 2007) (noting that *Tedford* tolling is proper where "a plaintiff refuses to admit that the amount in controversy does not exceed the minimum jurisdictional amount"). Like *Richard*, here, plaintiff knew well in advance of the § 1446(b) deadline that he would be seeking damages in excess of the jurisdictional amount. Also like *Richard*, State Farm could not remove the suit until it received "other paper" from plaintiff, which plaintiff refused to turn over, despite multiple requests. Thus, we find that plaintiff's actions – obvious efforts to play hide-the-ball with the damages sought – weigh in favor of *Tedford* tolling.

In a second effort to prove his well-intentioned motives, plaintiff argues that if he were "going to be calculated in an attempt to avoid Federal Jurisdiction, [he] would have waited one (1) year and a day from the date State Farm was served" to give notice of his intent to seek the jurisdictional amount. *Id.* at p. 5-6. Instead, plaintiff claims that he telephoned State Farm and offered to settle for $80,000 on September 15, 2009, fourteen days after § 1446(b) was triggered.[2] According to plaintiff, the date that the plaintiff is served "is the important date for [the] purpose of removal, not the date the petition was filed." *Id.* at p. 6. Thus, plaintiff argues,

---

[2] Although the phone call alone would not have constituted an "other paper" for the purpose of § 1446(b), if plaintiff was under the impression that it would have, and waited exactly one year and one day to do so, this evidence goes to *Tedford* conduct. *See Smith v. Bally's Holiday*, 843 F.Supp. 1451 (N.D. Ga. 1994) (telephone call between counsel does not constitute an "other paper" for the purpose of triggering § 1446(b)).

because State Farm was served on November 2, 2009, plaintiff actually waited one year and fourteen days before notifying State Farm of the settlement sought via the September 15, 2010 telephone call.

State Farm counters that the timing of the settlement offer via telephone actually provides *further* evidence that plaintiff intended to manipulate the statutory rules. According to State Farm, because "the filing of the lawsuit constitutes commencement of the action (as opposed to service)," plaintiff indeed waited exactly one year and one day before giving notice of his intent to seek the jurisdictional amount. Doc. 5, p. 11. State Farm is correct here as well.[3] *See New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 885 (5th Cir. 1998) ("Under both Louisiana and federal law, an action 'commences' when it is filed.") (string citing authority). In fact, plaintiff cites to no authority for his assertion that service is the important date for triggering the one year provision of § 1446(b). That the plaintiff would either attempt to deceive the court or make blind assertions that are purely contrary to this court's jurisprudence is itself further proof of the plaintiff's willingness to "manipulate the statutory rules."

    b. *Vigilance in Seeking Removal*

State Farm argues that it "has acted with all due diligence in attempting to ascertain the value of this case and to try this case in federal court." Doc. 5, p. 11. Certainly, it appears that State Farm took every action within its means to pry an answer from plaintiff as to the jurisdictional amount. This included requests that plaintiff's expert divulge his damage estimates [doc. 5, att. 7], a request for admission sought pursuant to state law [doc. 5, att. 4], and a motion filed in state court to deem the request for admission admitted.[4] Doc. 5, att. 5. Both of the

---

[3] Aside from providing evidence of *Tedford* conduct, the matter is irrelevant. The one-year time limit would have run whether § 1446(b) was triggered at the filing of the suit on September 14, 2009 or when State farm was served on November 2, 2009, as the removal notice was filed with this court on November 16, 2010.
[4] This motion was never ruled on.

requested documents were finally provided, but just shortly after the one year time barrier of § 1446(b) had sprung. Plaintiff's excuse, that he was merely "mistaken" about his ongoing obligation to answer these requests, is simply unbelievable. *See* doc. 2, att. 1, p. 2-3. If, as plaintiff claims, "an agreement had been reached not to answer discovery while settlement discussions were being explored," it would make no sense for State Farm to draft the requests in such a way that demanded an answer in fifteen days. *Id.* At minimum, this should have raised a red flag as to plaintiff's understanding of any "agreement" made. It cannot be denied that State Farm was vigilant in its efforts to remove this suit from state court. This also weighs in favor of tolling. *Tedford*, 327 F.3d at 428.

      c. Progress in State Court

Finally, "substantial progress" has not been made in state court. As far as the court is aware, nothing has been done in state court aside from the initiation of the suit and a motion to deem responses admitted that was not ruled on. This factor weighs in favor of retaining jurisdiction as well. *See Field v. State Farm Lloyds Insurance Co.*, No. 03-0468, 2004 WL 612841, *2 (S.D. Tex. Mar. 1, 2004) (quoting *Tedford*, 327 F.3d at 427) (noting that one of the underlying purposes of § 1446(b) was to reduce the "'opportunity for removal after substantial progress has been made in state court.'").

## Conclusion

It is apparent that plaintiffs' attempts to deprive State Farm of federal jurisdiction suffice for the application of *Tedford* tolling. We are convinced that plaintiff has made a "transparent attempt to circumvent federal jurisdiction" that was similar to the conduct that was at issue in *Tedford*. *Foster v. Landon*, No. 04-2645, 2004 WL 2496216, *3 (E.D. La. Nov. 4, 2004). Congress created diversity jurisdiction to provide a "neutral forum" for cases between citizens of

different states. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "The Congressional premise of diversity jurisdiction is that the possibility of unfairness against outside litigants is to be avoided . . . ." *Buford v. Sun Oil Co.*, 319 U.S. 315, 345 (1943) (Frankfurter, J., dissenting). Strict application of the one-year limit in the circumstances of this case would encourage plaintiffs to be unfair, misleading, and insidious in the jurisdictional discovery process, thereby undermining the very purpose of diversity jurisdiction. *Cf. Tedford*, 327 F.3d at 427. Accordingly, plaintiff's motion to remand [doc. 2] is **DENIED**.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on February 22, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE