RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 4/29/11

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CHUCK STYRON** | : | **DOCKET NO. 10-1729** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **STATE FARM FIRE & CASUALTY CO.** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING AND ORDER

Before the Court is "Plaintiff's Objection to Magistrate Judge's Report and Recommendation Denying Plaintiff's Motion to Remand" (R. #11) wherein Plaintiff objects to the Magistrate Judge's Report and Recommendation dated February 22, 2011.[1] Plaintiff filed a motion to remand asserting that State Farm's Notice of removal was untimely pursuant to both the (30) day and one (1) year time limits of 28 U.S.C. § 1446(b). Plaintiff filed the instant lawsuit on September 14, 2009 and defendant filed its notice of removal on November 16, 2010. In its notice, State Farm alleged that the suit was properly removed because "(1) State Farm has satisfied the procedural requirements for removal, and (2) this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332."[2] State Farm further asserted that it did not have knowledge that the amount of damages being sought by plaintiff was in excess of $75,000 until one year and one day after the suit was filed. State Farm maintained that the equitable exception to the one year rule set forth in 28 U.S.C. § 1446(b) was applicable.

---

[1] R. #10.

[2] R. #1.

*Thirty day removal period*

In her ruling, the Magistrate Judge denied plaintiff's motion to remand and concluded that plaintiff had made a transparent attempt to circumvent federal jurisdiction thus, applying the equitable tolling doctrine recognized in Tedford v. Warner-Lambert Co.[3] The Magistrate specifically found that on October 25, 2010, plaintiff answered State Farm's request for admission for the first time, alluding to the fact that his damage claim was $80,000. The Magistrate Judge rejected plaintiff's argument that the thirty day provision of § 1446(b) was triggered when State Farm received the initial pleading because the pleading was indeterminate as to removability, and thus not removable at the time it was filed. We agree and affirm the Magistrate's findings as to this issue.

Next, the Magistrate Judge rejected plaintiff's position that an email[4] which alluded to the fact that $80,000 was a "chase/bottom line number" with regard to alleged damages, proved that State Farm knew that plaintiff's damages were in excess of $75,000. As noted by the Magistrate, subjective knowledge does not constitute an "other paper."[5] In S.W.S. Erectors, Inc., the court opined as follows:

> Under 28 U.S.C. § 1446(b), when an action is not initially removable, the defendant has 30 days after it receives a copy of "other paper from which it may first be ascertained" that the case is or has become removable. The Fifth Circuit has indicated that the "other paper" conversion requires a *voluntary act by the plaintiff.* Further, this Court has held that the defendant's subjective knowledge cannot convert

---

[3] 327 F.3d 423, 426-27 (5th Cir.2003).

[4] The email was dated October 25, 2010.

[5] S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir. 1996)( "[T]he defendant's subjective knowledge cannot convert a case into a removable action.").

2

a case into a removable action.⁶

In S.W.S Erectors, Inc., the court rejected the defendant attorney's affidavit memorializing a conversation with plaintiff's attorney that the amount in controversy exceeded $100,000, concluding that such affidavit was not "other paper" which triggered the 30-day removal period.⁷

Finally, the Magistrate remarked that the preferred approach to trigger removal was an affirmative response to a request for admission stating that plaintiff is seeking damages in excess of $75,000.⁸ We agree with the Magistrate Judge's finding that plaintiff's answer on October 25, 2010 constituted the "other paper" that triggered the thirty-day removal period and that State Farm's notice of removal on November 16, 2010 was well within the thirty-day removal period mandated by § 1446(b).

*One Year provision*

Section 1446(b) states that "a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." State Farm filed its notice of removal on November 16, 2010, more than one year after the commencement of this action in state court on September 14, 2009. The Magistrate Judge concluded that the instant case was properly removed pursuant to the equitable tolling doctrine recognized by the Fifth Circuit in Tedford v. Warner-Lambert Co.⁹ The Magistrate Judge specifically found that plaintiff had made

---

⁶ 72 at 494 (citations omitted).

⁷ See also Hiles v. Wal-Mart Stores East, LP, 618 F.Supp.2d 565 (S.D.Miss.2009); Woodward v. Employers Cas. Co., 785 F.Supp. 90, 91 (S.D. Tex. 1992).

⁸ See Leboeuf v. Texaco, 9 F.Supp.2d 661, 664-65 (E.D. La. 1998); McLain v. American Intern. Recovery, Inc., 1 F.Supp.2d 628, 631 (S.D.Miss. 1998).

⁹ 327 F.3d 423, 426-27 (5th Cir. 2003).

3

a transparent attempt to circumvent federal jurisdiction and thus tolling under Tedford was applicable. The Magistrate Judge also remarked that plaintiff had made obvious efforts to play hide-the-ball with the damages sought noting that the only evidence of damage provided to State Farm was an estimate amounting to less than $10,000. State Farm sent its requests for admission seeking to ascertain the value of plaintiff's claims on August 11, 2010. Plaintiff did not answer State Farm's request until October 22, 2010, just after the one year time period for removal had come due.

Plaintiff maintains that there were problems coordinating a joint inspection of his home which included numerous cancellations and other delays; the inspections finally occurred in July of 2010. Plaintiff aserts that there were no intentional or deliberate actions taken to deceive or mislead counsel for State Farm.

Plaintiff refers the court to Fairchild v. State Farm Mutual Automobile Ins. Co.,[10] wherein the court recognized that settlement discussions and settlement demands are "valuable evidence" in determining the amount in controversy. Plaintiff then argues that the October 25, 2010 email establishes and confirms, in writing, that the claim was in excess of seventy-five thousand dollars. The court has reviewed the Fairchild case and finds that it is factually distinguishable from the instant case. In Fairchild, the court held that the injuries alleged were facially likely to exceed the jurisdictional amount and that the plaintiff's action sought damages which exceeded $50,000.[11]

Plaintiff then remarks that a miscommunication occurred as to whether or not these requests were covered by counsels' previous agreement regarding staying discovery. Plaintiff also notes that

---

[10] 907 F.Supp. 969, 971 (M.D. La.1995).

[11] The court noted that there were claims for mental anguish for potential injuries to her unborn child, sever injuries and her past and future loss of earnings as a dentist.

4

upon answering the Request for Admissions, State Farm was still within its one (1) year time period to remove the case. Plaintiff insists that State Farm did not contact him until after the one (1) year deadline had lapsed to inform him that their agreement to stay discovery did not apply to the Request for Admissions. Plaintiff argues that State Farm has not established by evidence that improper manipulation has occurred, and thus, all doubts and uncertainties regarding Federal Jurisdiction must be resolved in favor of remand.[12]

State Farm sent its requests for admission on August 11, 2010; the cover letter specifically noted that the answer was due within fifteen (15) days, or on August 26, 2010. The Request for Admission asked one question – "Please admit or deny that the amount in controversy, inclusive of penalties and attorney's fees, but exclusive of interest and costs, does not exceed $75,000.00."[13] Plaintiff did not answer until October 22, 2010, just after the one year time period for removal had come due. Plaintiff blames his delay in answering the request on his misunderstanding regarding the agreement between the parties to stay discovery and/or to get a handle on the damages.

Plaintiff relies on the October 25, 2010 email from State Farm counsel, Todd Ammons, to plaintiff's counsel wherein Mr. Ammons stated the following;

> Finally, sorry about my failure to call you on the Request for Admissions. I knew we had talked about not answering the previous interrogatories and request for production. I failed to communicate on the Request for Admissions.[14]

After considering the arguments of the parties, the court finds that plaintiff's counsel was

---

[12] Southerland v. First National Mortgage Company, 2000 WL 1060362 (N.D. Tex. 2000); Lowry v. Dresser, Inc., 2005 WL 22376367 (W.D. La. 2005).

[13] State Farm exhibits A and B; Request for Admission, ( R. #5-4, 5-5).

[14] Plaintiff's exhibit L, ( R. #6-1).

5

obligated to answer the request for admission with respect to the amount in controversy. It is certainly hard to believe that plaintiff's counsel did not have sufficient information in order to answer the simple one question request for admission. Surely, plaintiff's counsel had to be aware of the purpose of the request. And as noted by the Magistrate Judge, it makes no sense for State Farm to draft the request, demanding a response within fifteen days, and not expect an answer. Thus, the undersigned hereby adopts the report and recommendation of the Magistrate Judge. Accordingly,

**IT IS ORDERED** that the motion to remand (R. #2) is hereby **DENIED**.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 29th day of April, 2011.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE