UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CHUCK STYRON | * | CIVIL ACTION NO. 2:10-cv-01729 |
| PLAINTIFF, | * | JUDGE JAMES T. TRIMBLE |
| VERSUS | * | MAGISTRATE JUDGE KAY |
| STATE FARM FIRE AND CASUALTY COMPANY | * | |
| DEFENDANTS | * | |

**********************************************************************************************

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF CHAMBERS AND ALL ESTIMATES FOR REPAIRS**

**FACTS**

Plaintiff, **Chuck Styron**, retained the services of Cal Chambers for the purpose of estimating the costs of repairs to his home, as a result of wind driven rain entering from damage caused by Hurricane Ike. Plaintiff also contends that the condition to his roof was aggravated by the negligence of State Farm's adjusters who improperly walked on the asbestos shingled roof, following the storm.

Mr. Chambers has worked in the insurance adjusting industry, as well as the construction industry, for most of his adult life. It should be noted that nowhere in

[1]

Defendant, **State Farm Fire and Casualty Company's** (hereinafter referred to as "State Farm"), motion do they contest Mr. Chambers' professional qualifications.

I. **Cal Chambers' qualifications and methodology has already been accepted by the Federal Court.**

Cal Chambers has already been accepted, as an expert, by this Court in the field of claims adjusting. (See Ruling in the matter of *Vanessa Huren v. Employers Mutual Casualty Company, U.S.D.C. Western District of Louisiana, Docket Number 07-cv-1255*, attached hereto as, **Exhibit "A"**).

In the Court's ruling, the Court noted that it had also accepted Mr. Chambers, as an expert, in the matter of *Stevens v. Auto Club Family Insurance Company, U.S.D.C. Western District Court, Docket Number 06-cv-1885*. The Court specifically stated in its ruling the following:

> "This Court qualified Mr. Chambers as an expert appraiser in *Stevens v. Auto Club Family Insurance Company*, 06-cv-1885, and has therefore already examined his **qualifications** and **methodology** for compiling such reports, and found it satisfies *Daubert* standards. Having examined Mr. Chambers' report in this case, this Court finds that it also satisfies *Daubert* standards. Accordingly, Mr. Chambers shall be qualified as an expert claims adjuster for trial."

(Emphasis added) See **Exhibit "A"**

The reports submitted, in both the <u>Huren</u> case and <u>Stevens</u> case, are the same type of reports that Mr. Chambers has prepared in this pending action. These are the same types of reports that State Farm's claims adjusters use. Therefore, this Court has already examined these issues raised by State Farm, in its present motion, and the

Court was satisfied that Mr. Chambers qualifications and methodology are acceptable, under the Daubert standard.

II. **Mr. Chambers' Damage Estimate is based upon his personal inspection of the home, his training, and rules implemented by the City of Lake Charles Building/Permit Department.**

State Farm mischaracterizes Mr. Chambers' opinions. Mr. Chambers included all damage that was seen and unseen. He also took into consideration that additional repairs would more than likely be needed once work began in repairing the home. Mr. Chambers also considered the fact that, if the repairs are not made, additional damage will continue to occur. This testimony, based upon his original estimate, is admissible. Claims adjusters have to make certain assumptions. These assumptions do not make his testimony inadmissible. What State Farm is contending is inadmissible goes to the weight of his testimony, not to its admissibility. State Farm will have the opportunity at trial to cross-examine Mr. Chambers on the issues it takes with Mr. Chambers' opinions. Furthermore, the Court should consider that most homeowners claims allow for supplemental information to be provided as repairs are being made. When a supplemental claim is filed, the insurance company reviews it and, if approved, makes supplemental payments. The costs usually exceed the initial estimate or adjustment. However, in a litigation setting such as this, a claim can only be asserted once. The parties only get one (1) trial. Thus, Mr. Chambers has to consider that additional damages exist beyond what is merely visible to the naked eye. Mr. Chambers' opinions are not unreliable, and State Farm has offered no evidence to support the contention that they are. Plaintiff submits Mr. Chambers' original report as, **Exhibit "B"**.

[3]

Also, plaintiff submits, as **Exhibit "C"**, the Affidavit of Cal Chambers, which contains his supplemental report. It was disclosed to counsel, during his deposition, that Mr. Chambers would be inspecting the house and submitting a supplemental report. Mr. Chambers' supplemental report was produced to State Farm approximately one (1) week following his deposition. Additionally, undersigned counsel has made Mr. Chambers' available for a supplemental deposition. (See Affidavit of Cal Chambers, attached hereto as **Exhibit "C"**).

Also contained in **Exhibit "C"** is Mr. Chambers' supplemental report. In his supplemental report, Mr. Chambers' opinions do not change. The information contained in the supplemental report was also included within his original report. This supplemental report was done only to segregate the costs of the repairs for damages that were visible. Mr. Chambers testified as follows:

(Deposition of Cal Chambers, Page 41, Lines 9-18- Examination by Mr. Todd Ammons)

A.  …And I could tell you what it would take to fix the visible damage, but we don't know what's behind the walls until you start.

Q.  If you go back out before this case goes to trial, I would like to—and if you write another report or anything or revise your estimate—I'd like to get a copy of that, if you don't mind, and then maybe take your deposition again. It just depends upon what it says.

A.  Okay.

(Deposition of Cal Chambers, Page 43, Lines 1-12- Examination by Mr. James Cain, Jr.)

A.  Yes, I can do that for you.

Q.  And can you do it by looking at the pictures in your report or do you need to go back over there?

[4]

A.   I would prefer to go back over there and just double check, but.

Q.   For the sake of disclosure here because I want you to go back over there. I want you to figure what it's gonna cost to repair the visible damage to that home and I would like you to write a—supplement that report so I can give it to Mr. Ammons and he can supplement this deposition, okay?

A.   Okay.

(Deposition of Cal Chambers, attached hereto as, **Exhibit "D"**)

That has been done, and it has been provided to State Farm. (See **Exhibit "E"**, Correspondence from undersigned counsel)

In further support of Mr. Chambers' report and opinions, Mr. Chambers referenced the Memo from the City of the Lake Charles Building/Permit Department referencing, if there is water damage to a home, the City of Lake Charles Building/Permit Department requires more extensive repairs, such as rewiring the electrical system as referenced in Mr. Chambers' original report. Thus, there is a basis to support Mr. Chambers' opinion contrary to State Farm's assertions. (See **Exhibit "C"**, Affidavit of Cal Chambers).

III.   **Cause of the damage is established; and thus, the opinions of Mr. Chambers are relevant.**

State Farm's own expert, Edward "Buzzy" Ribbeck, has opined that the water damage to Mr. Styron's home was caused by wind driven rain. (See Deposition of Edward "Buzzy" Ribbeck, attached hereto as **Exhibit "F"**, Pages 37-40; Pages 61-63; Pages 68-70; Pages 72; Page 77; Page 78; Pages 80-81; Page 94; and Page 99). "Wind driven rain" is a covered cause under the State Farm policy.

Mr. Chambers also testified that damage to the roof was the cause.

Q. So your—as far as the source of water and whether it's coming from the roof as opposed to an air conditioning vent or a sprinkler system that's up in the attic, it appears to you that—or you would say it's coming from the roof?

A. Yes.

(See **Exhibit "D"**, Deposition of Cal Chambers, Page 13, Lines 9-14-Examination by Mr. Todd Ammons)

Furthermore, plaintiff, Chuck Styron, testified that he noted water coming into his home, following Hurricane Ike, and it continued to get worse. He testified that, after numerous contacts with his State Farm agent, they finally sent adjusters out to inspect the house. The adjuster improperly walked on the asbestos shingles, which are brittle, aggravating the problem. (See deposition of Chuck Styron attached hereto as, **Exhibit "G"**, Pages 30-35; Pages 40-41; and Page 48, Lines 4-20).

The testimony of Chuck Styron is uncontradicted.

IV. **Rhino Rhenovators' estimate was for partial repairs.**

As a point of clarification, State Farm again has its facts wrong. State Farm states, in its motion and brief, that plaintiff submitted an estimate for repairs from Rhino Rhenovators for $9,385.00. This was an estimate for only partial repairs to make the home livable and to fulfill his duty to mitigate his damages. This was the purpose of the estimate from Rhino Rhenovators and was not an estimate for a complete repair of the home. (See **Exhibit "H"**, Affidavit of Randy LeJeune, owner of Rhino Rhenovators).

[6]

## CONCLUSION

Clearly, Mr. Chambers' opinions and testimony satisfy all of the requirements of <u>Daubert</u>, and the cause of the damage and the source of the water have been established. Thus, for the foregoing reasons, Defendant's Motion to Exclude Testimony of Chambers and All Estimates for Repair should be denied.

Respectfully submitted,
LOFTIN, CAIN & LEBLANC, LLC

s/ James D. Cain, Jr.
James D. Cain, Jr., LSBA Roll No. 22288
113 Dr. Michael DeBakey Drive
Lake Charles, Louisiana 70601
Telephone: (337)310-4300
Facsimile: (337)310-4400
Email: james@lcllegal.com
*Attorney for Plaintiff, Chuck Styron*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of foregoing pleading was filed this day with the Clerk of Court using the Court's CM/ECF system electronic filing system and a true and correct copy of same was forwarded electronically to all counsel and pro se parties of record by operation of the Court's CM/ECF filing system.

Lake Charles, Louisiana, this 9th day of November, 2011.

s/ James D. Cain, Jr.
James D. Cain, Jr., LSBA Roll No. 22288
113 Dr. Michael DeBakey Drive
Lake Charles, Louisiana 70601
Telephone : (337)310-4300
Facsimile : (337)310-4400
Email: james@lcllegal.com
*Attorney for Plaintiff*